# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CARROLL,<br><br>      Plaintiff,<br><br>   v.<br><br>SCOTT, et al.,<br><br>      Defendants. | Case No. 1:20-cv-00086-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY<br><br>(ECF NO. 6) |

Craig Carroll ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action. Plaintiff filed the complaint commencing this action on January 15, 2020. (ECF No. 1).

On February 3, 2020, Plaintiff filed what appears to be a motion for discovery. (ECF No. 6). Plaintiff asks the Court to order "prison officials to release the other officers names that was involved in the assault, to release medical records from the hospital, to release legal forms to appeal to nonjudicial public officials and agency, to release all B-P administrative remedy forms that was filed but didn't receive back a receipt or decision, and to save video footage showing when I was placed in restraints and video footage taken by medical after I was brought from the hospital." (Id. at 1-2).

Plaintiff's motion will be denied. Plaintiff appears to be attempting to take discovery. However, as the Court told Plaintiff in its First Informational Order in Prisoner/Civil Detainee Civil Rights Case, "[a]fter defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing

dispositive motions. No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (ECF No. 3, p. 4).

At this time, Plaintiff has not been granted *in forma pauperis* status or paid the filing fee. Additionally, the Court has not found that the complaint states a cognizable claim, no defendant has been served, and the Court has not opened discovery. Therefore, Plaintiff is not allowed to take discovery at this time.

The Court notes that to the extent Plaintiff wants prison officials to preserve evidence, he does not need a court order. "Federal law imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." Biselli v. Cnty. of Ventura, 2012 WL 2061688, at *2 (C.D. Cal. Jun. 4, 2012) (citing In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006)); see also Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were *potentially* relevant to the litigation before they were destroyed." (citation and internal quotation marks omitted)). Once the duty to preserve attaches, a litigant or potential litigant is "required to suspend any existing policies related to deleting or destroying [evidence] and preserve all relevant [evidence] related to the litigation," and courts may sanction parties responsible for spoliation of evidence. In re Napster, Inc., 462 F. Supp. 2d at 1066, 1070. Plaintiff may trigger the duty to preserve evidence by providing a notice of litigation to the appropriate official at his institution of confinement.

Accordingly, based on the foregoing, it is ORDERED that Plaintiff's motion for discovery (ECF No. 6) is DENIED.

IT IS SO ORDERED.

Dated: **February 10, 2020**            /s/ Erica P. Grosjean
                                                                      UNITED STATES MAGISTRATE JUDGE